NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-811

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 523966

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a final classification hearing, the Sex Offender Registry Board (board) classified the plaintiff, John Doe No. 523966, as a level three sex offender.  Doe sought judicial review of the decision, and now appeals from a Superior Court judge's allowance of the board's motion for judgment on the pleadings, which upheld the classification decision.  We affirm.

Background.  Doe committed his first sex offenses in Florida when he was sixteen years old.  The victim was a nine year old boy.  Doe raped the boy and forced him to engage in a variety of other sexualized conduct.  Doe was adjudicated delinquent on one count of sexual battery in violation of Fla. Stat. § 794.011, which the hearing officer likened to the

Massachusetts offense of rape and abuse of a child, G. L. c. 265, § 23.

Nearly two decades later in Massachusetts, Doe was arrested for committing various sex offenses upon a fifteen year old boy. He pleaded guilty to rape and abuse of a child, indecent assault and battery, possession of child pornography, and reckless endangerment of a child. In 2021, the board notified Doe of his duty to register, preliminarily classifying him as a level three sex offender. Doe, then forty-three years old, requested a hearing to challenge the preliminary classification.

The hearing examiner found that several high-risk and risk-elevating factors applied. Because Doe was adjudicated delinquent in 1995, then reoffended in 2014 as an adult, the hearing examiner found that high-risk factor 2, repetitive and compulsive behavior, 803 Code Mass. Regs. § 1.33(2) (2016), applied with "increased weight." Focusing on the fact that Doe was thirty-five years old when he sexually assaulted a fifteen year old boy, the hearing examiner found that high-risk factor 3, adult offender with a child victim, 803 Code Mass. Regs. § 1.33(3) (2016), also applied. High-risk factor 4, offender's age at first sex offense, 803 Code Mass. Regs. § 1.33(4) (2016), applied because Doe committed his first offense at age sixteen and reoffended as an adult.

2

As to risk-elevating factors, the hearing examiner applied factor 7, relationship between offender and victim, because both victims were extrafamilial; factor 17, male offender against male victim; factor 19, level of physical contact, with "increased weight," because Doe's offenses against both victims included penile penetration; factor 20, diverse sexual behavior, as Doe committed both contact and non-contact offenses; factor 21, diverse victim type, because the victims were both prepubescent and postpubescent; factor 22, number of victims, because there were two victims; and factor 27, age of victim, because the first victim was a nine year old boy. See 803 Code Mass. Regs. §§ 1.33(7), (17), (19), (20), (21), (22), (27) (2016). The hearing examiner also gave "minimal weight" to factor 12, behavior while incarcerated, 803 Code Mass. Regs. § 1.33(12) (2016), based on Doe's three disciplinary reports while incarcerated.

The hearing examiner found that several risk-mitigating factors applied as well. He applied factor 28, supervision by probation or parole, 803 Code Mass. Regs. § 1.33(28) (2016), because Doe was subject to five years of supervised probation after his release from prison in December 2021. The examiner gave "minimal weight" to factor 30, advanced age, because Doe was forty-three years old; for offenders with child victims, the regulations make clear that factor 30 does not apply with full

force until the offender reaches the age of sixty.  See 803 Code Mass. Regs. § 1.33(30) (2016).  The hearing examiner also gave only "minimal weight" to factor 32, sex offender treatment, 803 Code Mass. Regs. § 1.33(32) (2016), because Doe refused treatment and did not take responsibility for his offenses until the last year of his incarceration and there was scant evidence of Doe's active participation in the sex offender group therapy sessions he began after release.  The examiner gave "full weight" to factor 33, home situation and support system, based on a strong letter of support from Doe's spouse, and also applied factor 34, stability in the community, based on Doe's efforts at self-improvement, volunteer work, and family support. See 803 Code Mass. Regs. §§ 1.33(33), (34) (2016).  Weighing the aggravating factors and the mitigating factors, the hearing examiner found by clear and convincing evidence that Doe's risk of reoffense and degree of dangerousness were high and active dissemination and Internet publication of his registry information would serve a substantial public safety interest.

Discussion.  The board's classification decisions "must be established by clear and convincing evidence," Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015), guided by consideration of statutory and regulatory aggravating and mitigating factors, see Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd.,

483 Mass. 131, 134 (2019). "A hearing examiner has discretion to consider which regulatory factors to apply and how to weigh those factors based on the evidence at the hearing." Doe, Sex Offender Registry Bd. No. 291554 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 210, 212 (2015) (Doe No. 291554). "We reverse or modify the board's decision only if we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011).

Doe contends that his classification as a level three sex offender was arbitrary and capricious and an abuse of discretion. He does not challenge the hearing examiner's application of any of the regulatory factors. Rather, he argues that because the mitigating factors that the hearing examiner considered were present, the board failed to prove by clear and convincing evidence that he posed a high risk of reoffense. We disagree. The evidence supported each of the hearing examiner's findings and conclusions concerning the high-risk, risk-elevating, and risk-mitigating factors. The weight to be assigned to those factors was within the hearing examiner's discretion and is entitled to deference. See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014); Doe No. 291554, 87 Mass. App. Ct. at 212.

5

The classification decision was not arbitrary, capricious, or an abuse of discretion.

<u>Judgment affirmed</u>.

By the Court (Massing, Walsh & Brennan, JJ.[1]),

Clerk

Entered:  February 25, 2025.

---

[1] The panelists are listed in order of seniority.